UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV387

| | |
|---|---|
| CHRISTOPHER W. BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>Respondent. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed August 18, 2010 (Doc. No. 1) and his "Application to Proceed in District Court Without Prepaying Fees or Costs." (Doc. No. 2).

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred. Petitioner's In Forma Pauperis Application will be Granted solely for the purpose of allowing this Court to entertain his § 2254 Petition.

## I. Factual and Procedural Background

A review of the form motion reflects that on September 26, 2007 a jury found Petitioner guilty of felonious possession of cocaine and attaining habitual felon status. Petitioner was sentenced to 121 - 155 months in prison. Petitioner appealed and on August 19, 2008, in an unpublished opinion, the Court of Appeals found no error. Petitioner did not seek further review in the State court; nor did he seek certiorari review in the United States Supreme Court.

Petitioner then allowed a year and nine months to pass before be began his pursuit of collateral review on April 28, 2010, when he filed a Motion for Appropriate relief (MAR) in the Superior Court of Mecklenburg County. Petitioner's MAR was denied on May 26, 2010. Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals on June 16, 2010 which was denied on July 6, 2010. Petitioner filed the instant Petition for Writ of Habeas Corpus on August 18, 2010.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA further provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner sustained his conviction and sentence on September 26, 2007 and the North Carolina Court of Appeals found no error on August 19, 2008. Because there was no further direct review in Petitioner's case, his case became final 90-days later on November 17, 2008. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought). Petitioner's one-year limitations period began to run on November 18, 2008. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. § 2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."). In the absence of any intervening tolling circumstances, Petitioner had up to November 18, 2009 to file his Petition. Petitioner did not meet that deadline.

Petitioner initiated his unsuccessful collateral review proceedings in the North Carolina courts on April 28, 2010. While the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, the Petitioner's one-year period already had expired before he began collateral review. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations. In filling out Question 18 of his form motion, Petitioner advises the Court that "[t]he one year limitation does not apply to me due to my ineligibility to file a writ of habeas corpus until all other remedys were exhausted. My final remedy, writ of certiorari, was just exhausted on July 6, 2010." (Motion at 14). Petitioner is incorrect. His conviction and sentence became final on November 17, 2008.

As to equitable tolling, the Fourth Circuit Court of Appeals has limited such tolling to "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, not even his misunderstanding of the law is sufficient to warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling), cert. denied, 528 U.S. 1007 (1999).

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely. Moreover, Petitioner's In Forma Pauperis Application is GRANTED solely for the purpose of allowing the Court to entertain his § 2254 Petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller - El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: August 23, 2010

Robert J. Conrad, Jr.
Chief United States District Judge